IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY ANN NAVARRO : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 13-3594 |
| MONARCH RECOVERY MANAGEMENT : | |
| INC. : | |

**SURRICK, J.**                                                                                          JUNE  20 , 2014

### MEMORANDUM

Presently before the Court is Plaintiff's Motion for Attorney's Fees and Costs Pursuant to Defendant's Offer of Judgment. (ECF No. 5.) For the following reasons, the Court will grant Plaintiff's Motion in part, but reduce the total award requested, as set forth herein.

I.   **BACKGROUND**

Plaintiff Mary Ann Navarro seeks an award of $3,830 in attorney's fees and costs under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. (Pl.'s Mot., ECF No. 5.) Plaintiff's request is made following her acceptance of an Offer of Judgment from Defendant Monarch Recovery Management, Inc. in the amount of $1,001, plus attorney's fees and costs. (Offer of J., Def.'s Resp. Ex. A, ECF No. 7.)

On June 24, 2013, Plaintiff, through her attorneys Krohn & Moss ("K&M") commenced this action against Defendant. (Compl., ECF No. 1.) On July 8, 2013, Defendant served a written Offer of Judgment on counsel pursuant to Rule 68 of the Federal Rules of Civil Procedure. (Offer of J.) The Offer of Judgment proposed that Plaintiff would receive $1,001, which exceeds the statutory maximum of $1,000, plus an "amount for Plaintiff's reasonable attorney's fees and costs, which have accrued through the acceptance and through resolution of

the Offer of Judgment, in an amount to be agreed upon by all counsel or, alternatively, as determined by the Court." (*Id.*)[1]  On July 11, 2013, Plaintiff filed the Notice of Acceptance of Defendant's offer. (*Id.*)

The parties engaged in negotiations concerning the amount of attorney's fees that Plaintiff's counsel would receive. On July 26, 2013, after the parties failed to reach an agreement, Plaintiff filed the instant Motion seeking $3,830 in attorney's fees and costs. (Pl.'s Mot. 2.) This amount includes: 11.0 hours of work performed by Plaintiff's attorneys, totaling $3,376; .2 hours of paralegal time, totaling $29.00; and $425.00 in costs.[2]  On August 5, 2013, Defendant filed a Response in opposition, asserting that $1,590.00 would be a more reasonable calculation of fees. (Def.'s Resp.) On August 18, 2013, Plaintiff filed a Reply brief. (Pl.'s Reply.) The parties agree that Plaintiff is entitled to reasonable attorney's fees, but disagree on the amount of fees, and how that amount should be calculated.

## II. DISCUSSION

### A. Legal Standard

Under the FDCPA, a "debt collector who fails to comply with any provision" of the Act with respect to an individual plaintiff is liable for any actual damages sustained as well as

---

[1] The language contained in the Offer of Judgment is not typical of FDCPA cases in this district. *See, e.g.*, *Brass v. NCO Fin. Sys. Inc.*, No. 11-1611, 2011 WL 3862145, at *3 (E.D. Pa. July 22, 2011) (citing *Williams v. NCO Fin. Sys. Inc.*, No. 10-5766, 2011 WL 1791099, at *4 n.2 (E.D. Pa. May 11, 2011)) (limiting recovery of attorney's fees to the date of the service of the Offer of Judgment due to language stipulating recovery "through the Offer of acceptance"). Here, Defendants have agreed contractually in the Offer of Judgment to extend the cut-off date for the accrual of fees and costs *through the resolution of the Offer of Judgment*." (Offer of J.) Because the Offer of Judgment is a contract, if the parties have specified an accrual date within the Offer of Judgment, that date will govern. *Brass*, 2011 WL 3862145, at *3.

[2] Initially, Plaintiff requested $3,644 in attorney's fees. (Pl.'s Mot. 2.) Plaintiff has since conceded that certain line items in her fee request are administrative and has adjusted the amount of requested fees to $3,405. (Pl.'s Reply 5, EFC No. 8.)

statutory damages as awarded by the court, not to exceed $1,000.00.  15 U.S.C. §§ 1692k(a)(1), (a)(2)(A).  A prevailing plaintiff is entitled to recover "'the costs of the action, together with a reasonable attorney's fee as determined by the court.'"  *Alexander v. NCO Fin. Sys. Inc.*, No. 11-401, 2011 WL 2415156, at *2 (E.D. Pa. June 16, 2011) (quoting 15 U.S.C. § 1692k(3)); *see also Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991).  Under Section 1692k(a)(3), a plaintiff may be considered a prevailing party if the plaintiff succeeds "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quotation omitted).

      The starting point for the calculation of reasonable attorney's fees "is the number of hours reasonably expended on the litigation multiplied by a reasonable rate."  *Id.*  The result of this calculation is called the lodestar.  The lodestar "provides an objective basis on which to make an initial estimate of the value of the lawyer's services."  *Id.*  To determine a reasonable hourly rate, the court should evaluate both the attorney's customary billing rate and the prevailing market rates in the relevant community.  *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989); *Blum v. Stevenson*, 465 U.S. 886, 895 (1984); *Plumbers Union Local No. 690 v. F.P.S. Plumbing, Inc.*, No. 08-4271, 2009 WL 2603162, at *1 (E.D. Pa. Aug. 21, 2009) (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)).  The market rate is generally based on the rate charged by attorneys in the region where the case is litigated.  *See Pub. Interest Research Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1186-88 (3d Cir. 1995); *Washington v. Phila. Cnty. Ct. of Common Pleas.*, 89 F.3d 1031, 1035 (3d Cir. 1996) (citing *Blum*, 465 U.S. at 895-96 n.11).

      Plaintiff bears the burden "of producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case."  *Smith v. Phila. Hous. Auth.*, 107 F.3d 223, 225 (3d Cir.

1997). "This burden is normally addressed by submitting affidavits of other attorneys in the relevant legal community attesting to the range of prevailing rates charged by attorneys with similar skill and experience." *Wade v. Colaner*, No. 06-3715, 2010 WL 5479625, at *4 (D.N.J. Dec. 28, 2010). "Thus, the court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Rode,* 892 F.2d at 1183. Where a plaintiff fails to meet this burden, the court must exercise its discretion in determining a reasonable hourly rate. *Washington,* 89 F.3d at 1036.

In addition, a court may consider the twelve factors outlined in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-18 (5th Cir. 1974). These factors are:

(1) Time spent and labor required;
(2) Novelty and difficulty of the questions;
(3) Skill requisite to perform the legal services properly;
(4) Preclusion of other employment by the attorney due to acceptance of the case;
(5) Customary fee in the community;
(6) Whether the fee is fixed or contingent;
(7) Time limitations imposed by the client or the circumstances;
(8) Amount of time involved and the results obtained;
(9) Experience, reputation, and ability of the attorney;
(10) Undesirability of the case;
(11) Nature and length of the professional relationship with the client; and
(12) Awards in similar cases.

*Id*. These factors may be considered as a basis for adjusting the lodestar amount. *Hensley,* 461 U.S. at 434 n.9; *Williams*, 2011 WL 1791099, at *5 (using *Johnson* factors); *Zavodnick v. Gordon & Weisberg, P.C.*, No. 10-7125, 2012 WL 2036493, at *4 (E.D. Pa. June 6, 2012) (analyzing relevant *Johnson* factors); *Dee v. Borough of Dunmore*, 548 F. App'x 58, 64 (3d Cir. 2013) (reaffirming use of *Johnson* factors).

### B.     Analysis

Plaintiff requests reimbursement of attorney's fees in the amount of $3,405 and costs in the amount of $425, for a total award of $3,830.  This amount represents services rendered from June 24, 2013 through July 23, 2013.  In opposing the amount requested, Defendant makes three arguments.  First, Defendant contests the reasonableness of the hourly rates used by Plaintiff.  Second, Defendant asserts that Plaintiff seeks fees for non-compensable, clerical, and duplicative hours spent working on the case.  Third, Defendant argues that the total fee award should be reduced due to the failure of Attorney Douglas Baek, a California attorney, to seek admission *pro hac vice* in the Eastern District of Pennsylvania.  We will address each of Defendant's arguments.

#### *1.     Reasonable Hourly Rate*

Under the lodestar approach, we must first determine the reasonable hourly rate.  "'Generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community.'"  *Plumbers Union Local No. 690*, 2009 WL 2603162, at *1 (quoting *Rode*, 892 F.2d at 1183).  The market rate is based on the rate charged by attorneys in the region where the case is litigated.  *See Pub. Interest Research Grp. of N.J., Inc.*, 51 F.3d at 1186-88.  Plaintiff contends that her attorney's hourly rates are within the prevailing market rates for this type of litigation.  (Pl.'s Mot. 8.)  The rates requested by Plaintiff are $350 per hour for Jason Rettig, $290 per hour for Douglas Baek, and $145 per hour for Paralegal Moria Roth.  Plaintiff argues that these rates are reasonable based on experience, the 2010-11 United States Consumer Law Attorney Fee Survey Report, the United States Attorney's Office "Laffey Matrix," and the affidavits of both attorneys.  (*Id.* at 9-11 & Exs. B, C.)  Defendant responds that the hourly rates proposed by Plaintiff are excessive.  (Def.'s Resp. 5-15.)

A majority of courts in this district have determined that the Consumer Law Attorney Fee Survey Report as not indicative of prevailing rates in the market. *See, e.g.*, *Zavodnick*, 2012 WL 2036493, at *5 (quoting *Freid v. Nat'l Action Fin. Servs., Inc.*, No.10-2870, 2011 WL 6934845, at *6 (Dec. 29, 2011)) ("[T]he 2007 Consumer Law Survey [is] not indicative of the practice relating to FDCPA cases in New Jersey."); *Alexander*, 2011 WL 2415156, at *4-5 (rejecting Consumer Law Attorney Survey Report); *Williams*, 2011 WL 1791099, at *5 ("The court is not aware of any court within this circuit that has relied upon the Consumer Law Attorney Fee Survey."); *Westberry v. Commonwealth Fin. Sys. Inc.*, No. 11-4387, 2013 WL 435948, at *3 (D.N.J. Feb. 4, 2013) (declining to adopt the 2010-11 Consumer Law Attorney Fee Survey). *But see Lindenbaum v. NCO Fin. Sys. Inc.*, No. 11-264, 2011 WL 2848748, at *2 (E.D. Pa. July 19, 2011) (using Consumer Law Attorney Fee Survey Report in consideration of award of attorney's fees).

Moreover, the "Laffey Matrix" is not indicative of the prevailing rates in the Eastern District of Pennsylvania, but instead provides the billing rates for attorneys in the Washington D.C. area. *See Brass*, 2011 WL 3862145, at *4 n.5 (citing *Alexander*, 2011 WL 2415156, at *4) (rejecting Laffey Matrix); *Zavodnick*, 2012 WL 2036493, at *5 (rejecting Laffey Matrix); *Interfaith Cmty. Org. v. Honeywell Intern., Inc.*, 426 F.3d 694, 709-10 (3d Cir. 2005) (finding Laffey Matrix indicative of a reasonable market rate for the Washington D.C. area).

Defendant does not cite to the fee schedule published by Community Legal Services, Inc. ("CLS"); however, courts in this district have relied upon the CLS fee schedule as an adequate determination of market rates in the Eastern District of Pennsylvania. *See Zavodnick*, 2012 WL 2036493, at *5-6 (using CLS fee schedule to determine reasonable rates in light of the plaintiff's failure to submit credible evidence of prevailing market rates); *Brass*, 2011 WL 3862145, at *4

6

(applying CLS fee schedule); *Williams*, 2011 WL 1791099, at *5 ("The Court will use the CLS fee schedule, since it is a more relevant source to determine the market rate in this geographic region than the Consumer Law Attorney Fee Survey submitted by Plaintiff."). In addition, the CLS fee schedule has been "cited approvingly by the Third Circuit as fairly reflecting the prevailing rates in Philadelphia." *Brass*, 2011 WL 3862145, at *4; *see also Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir. 2011) (declaring CLS fee schedule to be reliable indication of market rates in relevant communities). We will use the CLS fee schedule in considering the request made by Plaintiff.

Attorney Jason Rettig has practiced law for eight years and has requested an hourly rate of $350. Pursuant to the CLS fee schedule, the average hourly rate for an attorney with 6-10 years of experience, like Rettig, is $225 to $250. Given that Rettig's experience is on the higher end of the fee schedule, we find an hourly rate of $250 is reasonable. Next, we consider any relevant *Johnson* factors that may warrant adjustment of the CLS recommended rate. Rettig has only two years of dealing with FDCPA matters and has only litigated twelve FDCPA cases. In addition, this case appears to be a rather routine FDCPA case and Plaintiff has not offered as support any affidavits from his colleagues in the field of consumer protection litigation which could affirm higher proposed rates.[3] Taking into consideration the straightforward nature of the issue, the experience of the attorney, and the specialized nature of FDCPA matters, the Court concludes that $250 is a reasonable hourly rate for Mr. Rettig.

Attorney Douglas Baek has practiced law for five years and has requested an hourly rate of $290. Pursuant to the CLS fee schedule, the rate for an attorney with 2-5 years of experience is $180 to $225. Given that Baek's experience is on the higher end of the fee schedule, we find

---

[3] Submission of an attorney's own affidavit is insufficient to establish the prevailing market rate in the region. *Washington*, 89 F.3d at 1035.

7

an hourly rate of $225 is reasonable.  Again, assessing any relevant *Johnson* factors, Baek has only three years of experience with K&M dealing with FDCPA matters and has not offered any affidavits from colleagues in the consumer protection litigation field in support of a higher hourly rate.  We conclude that $225 is a reasonable rate for Baek.

There is a dispute as to the reasonable hourly rate proposed for Paralegal Moria Roth.  However, we need not address this issue because we find that the time billed by Ms. Roth is non-compensable.

                2.        *Number of Hours Reasonably Expended on the Litigation*

We must now determine whether counsel spent a reasonable number of hours working on the case.  "'A request for fees must be accompanied by fairly definite information as to hours devoted to various general activities, e.g., partial discovery, settlement negotiations, and the hours spent by various classes of attorneys.'" *Plumbers Union Local No. 690*, 2009 WL 2603162, at *2 (quoting *UAW Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 291 (3d Cir. 2007)).  However, the Supreme Court has determined that a "general subject matter" of time expenditures is sufficient as well.  *Hensley*, 461 U.S. at 437 n.12.  When considering a request for attorney's fees, a district court must "'decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those hours that are excessive, redundant, or otherwise unnecessary.'" *Interfaith Cmty. Org.*, 426 F.3d at 710 (quoting *Public Interest Research Grp.*, 51 F.3d at 1188).  "In response to the specific objections made by a party opposing the award of fees and costs, a court must conduct a 'thorough and searched analysis' to identify charges that should be excluded." *Williams*, 2011 WL 1791099, at *6 (quoting *Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 362 (3d Cir. 2001)).  In addition, time that could not be billed to a client may not be imposed on an adversary, thus foreclosing

recovery for clerical or administrative tasks. *Id.*; *Pub. Interest Research Grp.*, 51 F.3d at 1188 (3d Cir. 1995).

      Defendant objects to 1.6 hours of K&M's 11.2 hours of billable time as clerical or duplicative, leaving 9.6 hours unchallenged. (Def.'s Resp. 15.) Defendant has submitted specific line-by-line objections. (*Id.* at 16-17.) Defendant objects to three specific time entries for Jason Rettig totaling .60 hours as duplicative and clerical. Administrative or clerical tasks "may include opening a file in a database, mailing letters, copying documents, entering case updates in a management system, calendaring deadlines, confirming court contact information, and talking with a process server or court clerk." *Westberry*, 2013 WL 435948, at *5. "Pertinent communications among attorneys within a firm, with a client, or with the opposing party are not administrative in nature." *Murphy v. Receivable Mgmt. Servs. Corp.*, No. 12-3768, 2013 WL 1905149, at *4 (E.D. Pa. May 8, 2013). After a review of Rettig's explanation of work performed during the .60 hours, we are satisfied that the fees for these services are reasonable and are neither duplicative nor clerical.

      Defendant objects to three specific entries for Douglas Baek totaling .80 hours as duplicative or clerical. After a review of the time entries, we are satisfied that the fees incurred by Baek are reasonable, except for the following entry:

> July 9, 2012— Opened file in database; drafted factual summary; prepared outline linked tasks for new case; prepared amicus precedents to track case (.50).

The acts of opening a file in a database and preparing amicus precedents are administrative in nature and non-compensable. *See Westberry*, 2013 WL 435948, at *6 (reducing time entry for opening file in database and preparing amicus precedent due to administrative nature of tasks). Therefore, the time will be reduced by .20 hours. The remaining .30 hours are reasonable.

Defendant also objects to the .20 hours of time billed by paralegal Moria Roth. As mentioned above, we will exclude the following entry:

> July 2, 2013—Hired process server and gave instructions for serving Complaint on Defendant (.20).

Talking with a process server or court clerk is an administrative task and is non-compensable. *See, e.g., Levy*, 2011 WL 5117855, at *6; *Bilazzo v. Portfolio Recovery Assocs., LLC*, 876 F. Supp. 2d 452, 472 (D.N.J. 2012) (excluding hours billed for communicating with process server as administrative). As a result, Plaintiff may recover 3.1 hours for Jason Rettig and 7.8 hours for Douglas Baek. We will exclude a total of 0.40 hours from the calculation of attorney's fees.

### 3.     Compensation to Non-Philadelphia "Consulting" Attorney

Neither party disputes that an out-of-state attorney working on a consulting basis in an FDCPA matter is entitled to recover reasonable attorney's fees.[4] Defendant argues that since Douglas Baek is not admitted to practice in Pennsylvania and did not seek to be admitted *pro hac vice*, his total fee amount should be reduced by an additional 15%. (Def.'s Resp. 22.) In arguing that Baek's proposed hourly rate should be reduced, Defendant relies on the case of *Bilazzo v. Portfolio Recovery Assocs., LLC*, 876 F. Supp. 2d 452 (D.N.J. 2013). In *Bilazzo*, two California attorneys who had never sought admission *pro hac vice* to New Jersey's federal bar, solicited local counsel in New Jersey to appear as lead counsel, circumventing local New Jersey rules. 876 F. Supp. 2d at 462. There, the hours expended by the New Jersey attorney deemed "lead

---

[4] Other district courts have held that out-of-state consulting attorneys may recover reasonable attorney's fees as consulting attorneys. *See, e.g., Renninger v. Phillips & Cohen*, No. 10-33, 2010 WL 3259417, at *2 n.1 (M.D. Fla. Aug. 18, 2010); *Brown v. Phoenix Recovery Grp.*, No. 09-1319, 2009 WL 4907302, at *2 (N.D. Tex. Dec. 21, 2009). In addition, the Southern District of New York has held that when "work is performed by multiple attorneys at the same firm, all of [the attorneys are] entitled to seek compensation under a fee-shifting statute, even if some [are] not admitted here." *Cooper v. Sunshine Recoveries, Inc.*, No. 00-8898, 2001 WL 740765, at *2 (S.D.N.Y. June 27, 2001).

counsel" only accounted for nineteen-percent (19%) of the compensable hours. *Id.* at 465. In addition, the New Jersey attorney was not involved in any way with the initial work, never spoke to the plaintiff, and never supervised the drafting of the complaint, correspondences with the plaintiff, or the demand on the defendant. *Id.* at 461.

Here, Baek was supervised by Jason Rettig, a licensed attorney in Pennsylvania and in this district, and both Rettig and Baek did substantive work in the litigation. *See, e.g., Demonchaux v. Unitedhealthcare Oxford,* No. 4491, 2014 WL 1273772, at *7 (S.D.N.Y Mar. 27, 2014) (distinguishing *Bilazzo* where non-New York attorney working on substantive work in litigation was supervised by and worked in conjunction with local counsel admitted *pro hac vice*). While the billing records submitted by Plaintiff show that Baek's compensable hours are greater than those proposed by Rettig, both attorneys were in constant communication with each other from the initial client interview through the Offer of Judgment. (*See* Pl's Mot. Ex. A.) *Bilazzo* is inapposite. We see no reason to impose an additional 15% reduction on Mr. Baek's hourly rate.

    4.    *Total Fees Awarded and Costs*

Based upon our findings, the following fees are awarded to Plaintiff's counsel:

| Legal Professional | Hours | Hourly Rate | Total |
| --- | --- | --- | --- |
| Jason Rettig | 3.1 | $250 | $775 |
| Douglas Baek | 7.8 | $225 | $1,755 |
| **Total** | | | **$2,530** |

Plaintiff has requested $425 in costs. (Pl.'s Mot. 2.) Defendant has objected to this amount, but offers no evidence to support denying Plaintiff her requested costs. (*See* Def.'s Resp. 19, n.6.) We see no reason to reduce the amount requested.

11

### III.  CONCLUSION

Accordingly, Plaintiff's motion for attorney's fees and costs will be granted, but the total award is reduced as set forth herein.  Defendant shall pay Plaintiff's counsel $2,530 in attorney's fees and $425 in costs, for a total award of $2,955.

An appropriate order follows.

BY THE COURT:

*/s/R. Barclay Surrick*
**U.S. District Judge**
